UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ZUCALLO,

    Petitioner,

v.                                                         Case No. 8:24-cv-1191-WFJ-LSG

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

James Zucallo is a Florida prisoner serving a life sentence for capital sexual battery and lewd or lascivious molestation, as well as a concurrent 15-year sentence for attempted lewd or lascivious molestation. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time barred. (Doc. 6). In his reply, Mr. Zucallo does not dispute Respondent's calculation of the limitation period. Instead, he appears to contend that his petition is entitled to a merits review because the judgment in his case is "void." (Doc. 9). After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Zucallo's convictions were affirmed on direct appeal on January 15, 2016. (Doc. 6-2, Ex. 11). He subsequently filed a motion for rehearing, which was denied on May 18, 2016. (*Id.*, Exs. 12, 13). The judgment became final 90 days later, on August 16, 2016, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002); *see also Borgwald v. Sec'y, Fla. Dep't of Corr.*, No. 17-13168-H, 2018 WL 7108247, at *3 (11th Cir. Sept. 6, 2018) ("[Petitioner's] judgment became final, for AEDPA purposes, 90 days after the denial of his motion for a rehearing, on June 21, 2011, when the time for filing a petition for writ of certiorari expired.").

The AEDPA clock did not start at that point, however. That is because, on the same day his judgment became final, Mr. Zucallo filed a motion for correction of jail credit, which the postconviction court construed as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 6-2, Exs. 15, 16). This filing had tolling effect. *Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004). The court granted the motion in part, awarding Mr. Zucallo an additional three days of credit for time served, and entered an amended sentence on November 23, 2016. (Doc. 6-2, Exs. 18, 19). Mr. Zucallo did not appeal. As a result, the clock began to run on December 23, 2016—30 days after

entry of the amended sentence.[1] *See Hollinger v. Sec'y Dep't of Corr.*, 334 F. App'x 302, 304 (11th Cir. 2009) ("[Petitioner] did not appeal the denial of his Rule 3.850 motion at that time. Thus, his AEDPA clock began to run again on June 16, 2005 (30 days after the May 17, 2005 order).").

After 186 days of untolled time, on June 27, 2017, Mr. Zucallo filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 6-2, Ex. 20). That motion stopped the AEDPA clock. *Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002). The postconviction court denied relief, and Mr. Zucallo moved for rehearing. (Doc. 6-2, Exs. 21, 22). The court denied rehearing on September 5, 2017. (*Id.*, Ex. 23). Because Mr. Zucallo did not appeal, the limitation period resumed 30 days later, on October 5, 2017. *See Rawls v. Sec'y, Fla. Dep't of Corr.*, No. 18-11056-G, 2018 WL 3090815, at *1 (11th Cir. May 22, 2018) ("[Petitioner's] federal-limitations period did not begin to run again until September 12, 2016, when the time had expired in which [he] could have appealed the state habeas court's August 11, 2016, denial of his Rule 3.800(a) motion.").

The clock ran for 105 days until Mr. Zucallo filed another motion to correct illegal sentence on January 18, 2018. (Doc. 6-2, Ex. 24). That motion stopped the clock. *Ford*, 296 F.3d at 1040. The postconviction court ultimately granted relief, correcting an "unintended scrivener's error" in the written judgment. (Doc. 6-2, Ex. 27). Specifically,

---

[1] The granting of this motion "did not result in a new judgment sufficient to trigger a new limitations period because the trial court's order did not authorize [Mr. Zucallo's] confinement, but instead corrected a clerical error regarding the amount of time-served credit owed to him." *Jones v. Sec'y, Dep't of Corr.*, 770 F. App'x 1019, 1020 (11th Cir. 2019).

although the trial court orally sentenced Mr. Zucallo to life imprisonment for lewd or lascivious molestation, the written judgment reflected a sentence of life imprisonment plus a 25-year mandatory minimum. (*Id.* at 2-3). The court ruled that the "unambiguous oral pronouncement of sentence control[led]," and directed the clerk to enter an "amended sentencing order that correctly impose[d] a life sentence . . . without a minimum mandatory term." (*Id.* at 4-5). Mr. Zucallo appealed, and the mandate affirming the decision issued on April 4, 2019.[2] (*Id.*, Ex. 34).

The AEDPA clock did not resume at that point, however, because on June 29, 2018—while the Rule 3.800(a) appeal was pending—Mr. Zucallo moved for postconviction relief under Rule 3.850. (*Id.*, Ex. 35). That motion paused the clock until August 26, 2022, when the mandate issued in the appeal from the denial of Rule 3.850 relief. (Doc. 6-3, Ex. 51). The limitation period resumed the next day, leaving Mr. Zucallo 74 days—or until November 9, 2022—to file his federal habeas petition. Mr. Zucallo missed the deadline by over a year, filing his petition on May 10, 2024. (Doc. 1 at 1). Therefore, this action is untimely.[3]

---

[2] The granting of this motion did not result in a new judgment sufficient to restart the limitation period because "the written sentences were merely amended to accurately state the court's oral sentences." *McKinzie v. Sec'y, Dep't of Corr.*, No. 8:18-cv-634-TPB-TGW, 2020 WL 6060943, at *3 (M.D. Fla. Oct. 14, 2020); *see also Hodge v. Florida*, No. 4:21-cv-108-MW-MAF, 2021 WL 4896585, at *3 (N.D. Fla. Sept. 28, 2021) ("[Petitioner] was not re-sentenced and the correction merely conformed the written judgment to the oral pronouncement made at the sentencing hearing. This is not equivalent to a 'new judgment' that would trigger a new AEDPA limitations period."), *adopted by* 2021 WL 4894697 (N.D. Fla. Oct. 20, 2021). And even if the amended judgment did reset the clock, Mr. Zucallo's petition would still be untimely for the reasons explained by Respondent. (Doc. 6 at 19 n.13).

[3] In August and December 2022, Mr. Zucallo filed two motions for postconviction relief. (Doc. 6-2, Exs. 52, 54, 56). Both were denied as untimely. (*Id.*, Exs. 53, 57). A postconviction motion that is denied as untimely under state law is not "properly filed," and thus does not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Accordingly, these two motions had no tolling effect.

Mr. Zucallo does not contest these calculations. Instead, he appears to oppose dismissal on the ground that his petition "attacks issues of void judgments made where no law . . . allow[ed] any judge . . . to issue an order, decree, judgment, decision, etc." (Doc. 9 at 2). The judgment in this case is not "void." Regardless, "[t]here is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject-matter jurisdiction." *Drawdy v. Sec'y, Dep't of Corr.*, No. 8:09-cv-1993-JSM-AEP, 2009 WL 3644626, at *2 (M.D. Fla. Nov. 2, 2009). Thus, Mr. Zucallo "cannot escape application of the one-year limitations period by arguing that the state court lacked jurisdiction to convict him." *Bryson v. Sec'y, Fla. Dep't of Corr.*, No. 3:20-cv-870-TJC-LLL, 2023 WL 5624731, at *3 (M.D. Fla. Aug. 31, 2023).

Accordingly, it is **ORDERED** that:

1. Mr. Zucallo's petition (Doc. 1) is **DISMISSED as time barred**.

2. The **CLERK** is directed to enter judgment against Mr. Zucallo and to **CLOSE** this case.

3. Mr. Zucallo is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Zucallo must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Zucallo cannot satisfy the second prong of the *Slack* test. And

because Mr. Zucallo is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on October 18, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE